IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| MAJESTIC BUILDING MAINTENANCE, INC. | ) | Case No. 2:15-cv-3023 |
| --- | --- | --- |
| | ) | |
| | ) | JUDGE JAMES L. GRAHAM |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE |
| | ) | KIMBERLY A. JOLSON |
| HUNTINGTON BANCSHARES INCORPORATED dba THE HUNTINGTON NATIONAL BANK | ) | |
| | ) | |
| | ) | **STIPULATED PROTECTIVE ORDER** |
| Defendant. | ) | |

Majestic Building Maintenance, Inc. and The Huntington National Bank (each individually a "Party," and collectively the "Parties") acknowledge that discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. The Parties agree that good cause exists to protect the confidential, proprietary, or private nature of the information contained in documents, interrogatory responses, responses to requests for admission, and deposition testimony. Accordingly, the Parties agree that the entry of this Stipulated Protective Order ("Protective Order") is warranted to protect against disclosure of such information.

Based upon the above stipulation of the Parties, and the Court being duly advised, IT IS HEREBY ORDERED as follows:

1. "Confidential Material" shall include the following documents and tangible things produced or otherwise exchanged among the Parties and/or third parties subpoenaed by a party to the litigation, including but not limited to electronically stored information: (a) trade secret or other confidential research, development, proprietary or commercial information that is suitable for protection

under Federal Rule of Civil Procedure 26(c)(1)(G); (b) "personally identifiable information" defined herein as an individual's name, address, or phone number in the combination with one or more of the following: date of birth, social security number, driver's license number or other state identification number or a foreign government equivalent, passport number, financial account number, payment card number, insurance claim numbers or insurance policy numbers; and (c) any other information that may be protected from disclosure under an individual's constitutional right of privacy such as employment information.

      The Parties may identify additional documents during the course of the litigation, and may agree that these documents should also be designated Confidential Material.

      2.    The protections conferred by this Protective Order cover not only Confidential Material as defined above, but also (1) any information copied or extracted from Confidential Material; (2) all copies, excerpts, summaries, or compilations of Confidential Material; and (3) any testimony, conversations, or presentations by the Parties or their counsel that might reveal Confidential Material. However, the protections conferred by this Protective Order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

      3.    A receiving party may use Confidential Material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. Confidential Material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

4. Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any Confidential Material only to:

(a) the receiving party's counsel of record in this action, as well as employees of counsel of record in this action to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

(c) experts and consultants engaged for purposes of the litigation to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court, court personnel, and court reporters and their staff;

(e) copy or imaging services retained by counsel to assist in the duplication of Confidential Material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Confidential Material to third parties and to immediately return all originals and copies of any Confidential Material;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; or

(g) the author or recipient of a document containing Confidential Material or a custodian or other person who otherwise possessed or knew the Confidential Material.

5. Before filing Confidential Material or discussing such material in court filings, the filing party will seek leave of Court to file under seal under Local Rule 5.2.1. The filing party may confer with the designating party to determine whether the material qualifies for protection, if an alternative solution exists to avoid designating such material for protection, if the confidential designation should be removed, whether the document can be redacted, and/or whether a motion to seal or stipulation and proposed order is warranted. The parties will use good faith efforts to resolve any dispute before seeking assistance from the Court to resolve said dispute.

6. Each party or non-party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

7. Except as otherwise provided in this Protective Order, or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this Protective Order must be clearly so designated before or when the material is disclosed or produced.

(a) <u>Information in documentary form</u>: For information such as paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings, the designating party must affix the word "CONFIDENTIAL" to each page that contains Confidential Material.

(b) <u>Testimony given in deposition or in other pretrial or trial proceedings</u>: the Parties must identify on the record, during the deposition, hearing, or other proceeding, all confidential testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving a deposition transcript, designate portions of the transcript, or portions of the exhibits thereto, as Confidential Material.

(c) <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party shall identify the protected portion(s).

8. An inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this Protective Order for such material. Upon timely good faith correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Protective Order. In the event that the receiving party disagrees with the designation, the parties will meet and confer and the document will be treated in accordance with the provisions of this Protective Order until such disagreement is resolved. The producing party is required to provide substitute copies of any material designated after the initial production of the material.

9. Any party or non-party may challenge a designation of confidentiality at any time. The Parties do not waive the right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

10. Pursuant to Local Rule 37.1, the Parties must exhaust among themselves all extrajudicial means for resolving any disputes regarding confidential designations before requesting the Court's involvement. Any motion regarding confidential designations or for a protective order may include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in good faith attempts to resolve the dispute without court action.

11. If the Parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality. The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions consistent with the Federal Rules. The Parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

12. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," the Party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential Material may be affected.

13. If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized

under this Protective Order, the receiving party must within a reasonable time (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) use good faith efforts to obtain such person or persons' signature on the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

14. Issues relating to the review, production, and return of documents claimed by the producing party to be privileged shall be governed by the Parties' Electronic Discovery Plan, executed contemporaneously herewith.

15. Within 30 days after the termination of this action, including all appeals, each receiving party must return all Confidential Material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the Parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Material.

16. The confidentiality obligations imposed by this Protective Order shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

17. The Parties shall treat this proposed order as an Order of the Court prior to it being entered by the Court. Nothing in this Protective Order prevents the Court from modifying the obligations herein.

**PURSUANT TO STIPULATION, IT IS SO ORDERED:**

The Parties' Stipulated Protective Order is adopted.

Date:  August 31, 2017                    /s/ Kimberly A. Jolson
                                          KIMBERLY A. JOLSON
                                          UNITED STATES MAGISTRATE JUDGE

Respectfully submitted,

/s/ Brett A. Wall                                    /s/ Sean M. Kohl (via email)
Brett A. Wall, Trial Attorney (0070277)              Sean M. Kohl (0086726)
bwall@bakerlaw.com                                   Andrew J. Gerling (0087605)
Lisa M. Ghannoum (0080950)                           Troy J. Doucet (0086350)
lghannoum@bakerlaw.com                               700 Stonehenge Parkway
Baker & Hostetler LLP                                Suite 2B
Key Tower                                            Dublin, OH 43017
127 Public Square, Suite 2000                        (614) 944-5219 PH
Cleveland, Ohio  44114-1214                          (818) 638-5548 FAX
Telephone: 216.621.0200                              Sean@Doucet.Law
Facsimile: 216.696.0740                              Andrew@Doucet.Law
                                                     Troy@Doucet.Law

*Attorneys for The Huntington*
*National Bank*                                      *Attorneys for Majestic Building*
                                                     *Maintenance, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on October 30, 2017 via the Court's ECF system to each individual listed on the Court's Electronic Mail Notice List.

/s/ *Brett A. Wall*
Brett A. Wall (0070277)

*One of the attorneys for*
*The Huntington National Bank*

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of Ohio on _____ in the case of *Majestic Building Maintenance, Inc. v. The Huntington National Bank*, Case No. 2:15-cv-3023. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of Ohio for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____